UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 9:25-cv-80969-DMM

LEONARDO CRESPO,

Plaintiff,

v.

PALM BEACH STATE COLLEGE, et al.,

Defendants.
_____/

FILED BY _____ D.C.
OCT 31 2025
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. – W.P.B.

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

The complaint alleges that a public college professor and administrators punished a student for protected speech (a written critique of curriculum) by fabricating absences, converting a small participation component into a course-ending failure, and then sustaining that result through a procedurally defective appeal. Those allegations, accepted as true, plausibly state claims for First Amendment retaliation, procedural due process, and (in the alternative) substantive due process, and also support a state-law contract claim. The motion should be denied. If the Court prefers a different party-remedy alignment under the Eleventh Amendment, Plaintiff requests limited leave to amend the caption consistent with Ex parte Young.

**Issues presented**

1. Whether the complaint plausibly alleges First Amendment retaliation based on protected speech, adverse action, and causation.

1

2. Whether the complaint plausibly alleges procedural due process violations where officials failed to provide notice of a specific rule, missed internal deadlines, and issued a late final decision.
3. Whether, in the alternative, the allegations plausibly state a substantive due process claim based on a substantial departure from accepted academic norms.
4. Whether sovereign immunity bars federal prospective relief or the state-law contract claim at the pleading stage.

**Standard of review**

A complaint survives Rule 12(b)(6) when its well-pleaded factual allegations, accepted as true and viewed favorably to the plaintiff, state a facially plausible claim to relief. Plausibility does not require proof. Disputes about motive, pretext, proportionality, and whether a sanction is disciplinary or academic in substance are fact questions not resolved on a motion to dismiss.

**Eleventh Amendment and party-remedy alignment**

Plaintiff does not seek section 1983 damages from the Board. The federal prospective relief sought is forward-looking and directed at stopping an ongoing injury: the maintenance and enforcement of a failing grade and related registration blocks. Under Ex parte Young, that relief is properly directed to the responsible college officials in their official capacities. Damages are sought only against the individual defendants in their personal capacities. If the Court prefers further precision, Plaintiff requests leave to amend the caption to clarify that the prospective relief runs against those officials in their official capacities. The prospective relief is sought against Defendants Scott-Lubin, McClendon, Keen, and Sullivan in their official capacities.

2

**Count I — First Amendment retaliation**

Protected speech. Plaintiff alleges he submitted a written critique of the course's curriculum and pedagogy at a public college. Universities are places of robust student expression. See *Speech First, Inc. v. Cartwright*, 32 F.4th 1110 (11th Cir. 2022).

Adverse action and causation. The complaint alleges direct animus (the professor wrote she took offense), fabricated absences despite physical presence, refusal to credit substantive work, conversion of a minor participation component into a failing course grade, and resulting registration blocks. The close timing and the stated offense plausibly allege causation.

Hazelwood permits editorial control over school-sponsored expression if reasonably related to legitimate pedagogical concerns. See *Hazelwood School District v. Kuhlmeier*, 484 U.S. 260 (1988). Plaintiff alleges viewpoint-based punishment and pretext (fabricated absences; leveraging a 5% participation bucket into a failing grade after the professor stated she "took offense"), not neutral editorial control. At the pleadings stage, that distinction is enough to proceed.

Qualified immunity. Because the claim turns on intent and pretext, qualified immunity is premature. In any event, it has long been clearly established that public university officials may not use pretext to punish student speech. See *Barnes v. Zaccari*, 669 F.3d 1295 (11th Cir. 2012).

Prevailing on this claim also permits fee recovery under 42 U.S.C. § 1988, which further counsels against dismissal at the pleadings stage.

**Count III — Procedural due process**

The complaint alleges disciplinary-in-substance punishment: contrived absences and an automatic failure despite near-perfect coursework, no notice of any specific violated rule (only a pointer to the entire syllabus), a missed internal 15-business-day appeal deadline, and a late letter declaring the decision final and unappealable. Those are concrete procedural defects. Horowitz distinguishes between academic evaluations and disciplinary actions. See *Board of Curators of the University of Missouri v. Horowitz, 435 U.S. 78 (1978)*. At minimum, Plaintiff plausibly pleads discipline in substance and defects in process.

Adequate state remedy arguments do not warrant dismissal on the pleadings where the complaint alleges the institution failed to follow its own procedures and effectively foreclosed further review. Whether any post-deprivation remedy was adequate is a fact question on this record.

**Count II — Substantive due process (alternative)**

Although deferential, substantive due process prohibits decisions that are a substantial departure from accepted academic norms and lack professional judgment. See *Regents of the University of Michigan v. Ewing, 474 U.S. 214 (1985)*. Plaintiff alleges fabricated absences, penalties for refusing non-academic trivia unrelated to mastery, conversion of a 5% participation component into a course-ending failure, and shifting post-hoc rationales by administrators. Taken as true, that is enough to proceed. If the Court wants more detail about accepted norms, Plaintiff requests targeted leave to amend without conceding current sufficiency.

**Count IV — Contract (Florida law)**

Florida waives sovereign immunity for breaches of express, written, legislatively authorized contracts and enforces implied covenants that do not conflict with express terms. In 2025, the Florida Supreme Court in *Rojas v. University of Florida Board of Trustees* quashed the First

4

DCA's contrary view and confirmed that a university's legislatively authorized student agreements can support such claims. Plaintiff alleges written university terms governing grading and appeals, and breach and bad faith (fabricated absences, deviation from stated grading proportions, and failure to follow appeal procedures). Dismissal is unwarranted at the pleading stage.

**Remedies and severability**

Even if the Court narrows parties or remedies, the case proceeds on: (1) damages against the individual defendants in their personal capacities on the federal claims; (2) Ex parte Young prospective relief against Defendants Scott-Lubin, McClendon, Keen, and Sullivan in their official capacities to void the failing grade in SLS 1501-130, amend the academic record under the course's stated grading scheme, remove holds, and permit registration; and (3) the state-law contract claim against the Board under *Rojas*.

**Leave to amend (alternative)**

If the Court prefers more precision in capacity alignment for Ex parte Young or additional detail regarding accepted academic norms for Count II, Plaintiff requests leave to amend under Rule 15. These are targeted refinements that do not alter the merits.

**Conclusion**

The complaint plausibly alleges First Amendment retaliation, procedural due process violations (and, in the alternative, substantive due process), and a viable state-law contract claim. The motion to dismiss should be denied. Alternatively, any dismissal should be without prejudice and with leave to amend for the limited purposes described above.

**Prayer for relief**

Plaintiff respectfully asks the Court to deny the motion to dismiss. Alternatively, Plaintiff asks for leave to amend as outlined. Plaintiff also requests the following prospective relief against the responsible officials in their official capacities: (i) void the failing grade in SLS 1501-130; (ii) amend the academic record to reflect a grade calculated under the course's stated grading scheme and remove any related notations; and (iii) remove registration holds and permit registration affected by the challenged grade. Damages are sought against the individual defendants in their personal capacities on the federal claims, and the contract claim proceeds against the Board under Florida law as clarified in *Rojas*.

Respectfully submitted,

*/s/ Leonardo Crespo*

Leonardo Crespo, Plaintiff, Pro Se

1128 Crystal Drive, Palm Beach Gardens, FL 33418

leo@leocrespo.com 725-225-6889

Dated: October 31, 2025

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 31st day of October, 2025, a true and correct copy of the foregoing was served via email upon counsel for Defendants Suzanne A. Singer, Esq. (ssinger@rumberger.com), Jeffrey J. Grosholz, Esq. (jgrosholz@rumberger.com)

*/s/ Leonardo Crespo*

Leonardo Crespo